# SETTLEMENT AGREEMENT
# AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE (this "Agreement") is entered into by and among ABC HOLLYWOOD LUMBER & HARDWARE CORPORATION, including its owners, shareholders, officers, directors, managers, representatives, insurers, agents, attorneys, employees, successors, assigns, and all related entities with common ownership, including all shareholders, managers, members and partners thereof, and JOSE MONTEVERDE, including his heirs, representatives, attorneys, successors, and assigns (hereinafter, collectively, referred to as "Defendants"); and EDDY PEREIRA, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Agreement, Plaintiff and Defendants (collectively, the "Parties") unconditionally release and discharge each other from any and all claims, demands, liabilities, and causes of action of any kind or nature (statutory, contractual, common law, or otherwise), whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against each other including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with, Plaintiff's employment with, or the separation of Plaintiff's employment with Defendant ABC Hollywood Lumber & Hardware Corporation, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff or Defendants resulting from any act or omission committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Americans with Disabilities Act Amendments Act of 2008;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993;
- 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;
- Florida Statute §448.102;
- Florida Statute §448.110;
- Florida Statute § 440.205;
- Article X of the Florida Constitution;

1 of 5

_EP_ Eddy Pereira        ___ Hollywood Lumber & Hardware Corporation
                         ___ Jose Monteverde 26092665v1

- Chapter 760, Florida Statutes;
- The Florida Private Whistle-blower's Act of 1991;
- Chapter 16 ½ of the Broward County Code of Ordinances; and
- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof.

This Agreement shall have the effect of releasing all claims which were, or could have been, asserted in the lawsuit styled *Eddy Pereira and all others similarly situated under 29 U.S.C. 216(B) v. ABC Hollywood Lumber & Hardware Corporation and Jose Monteverde,* Case No.: 16-60133-CIV-JIC pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees**. In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, shall pay, or cause to be paid, the total sum of Seven Thousand Five Hundred Dollars and 00/100 Cents ($7,500.00) (the "Settlement Funds"), which shall be issued in one (1) check to the J.H. Zidell P.A. Client Trust Account and delivered to J.H. Zidell P.A., 300 71st Street, Unit 605, Miami Beach, FL 33141, no later than April 15, 2016.

The Settlement Funds shall be paid by Defendants, jointly and severally, and, upon (1) the Court's granting the Parties' Joint Motion for Approval of the Parties' Settlement Agreement and Stipulated Dismissal With Prejudice, and (2) the Court's entry of an Order of Dismissal with Prejudice, shall be disbursed by Plaintiff's Counsel, J. H. Zidell, P.A., and allocated as follows:

i. Plaintiff shall receive the total sum of Four Thousand Dollars and 00/100 Cents ($4,000.00), of which Two Thousand Dollars and 00/100 Cents ($2,000.00) represents alleged unpaid wages and Two Thousand Dollars and 00/100 Cents ($2,000.00) represents alleged liquidated damages.

ii. Plaintiff's counsel shall receive the total sum of Three Thousand Five Hundred Dollars and 00/100 Cents ($3,500.00), of which Three Thousand Dollars and 00/100 Cents ($3,000.00) represents attorneys' fees and Five Hundred Dollars and 00/100 Cents ($500.00) represents costs in this Litigation.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice no later than April 18, 2016.

The Settlement Funds shall be held in Trust and not disbursed until the Court approves the settlement and dismisses the case with prejudice. In the event the Court for any reason denies the Parties' Joint Motion for Approval of Parties' Settlement Agreement and Stipulated Dismissal With Prejudice and does not enter an Order of Dismissal with Prejudice, J.H. Zidell P.A. shall immediately return the Settlement Funds ($7,500.00) to counsel for Defendants, Peter R. Siegel, Esq. (Greenspoon Marder, P.A., 2255 Glades Road, Suite 400-E, Boca Raton, FL 33431).

2 of 5

___ *EP* Eddy Pereira        ___ Hollywood Lumber & Hardware Corporation
                              ___ Jose Monteverde 26092665v1

3. **Indemnification**. Plaintiff agrees to be responsible for hisrespective share of any and all applicable federal and/or state income and employment taxes including, without limitation, FICA and FUTA taxes, as may be owed by Defendants on the payments made under this Agreement. Plaintiff further agrees to indemnify and hold harmless Defendants from any and all claims for taxes and penalties which may be brought as a result of the payment made under this Agreement including, without limitation, indemnification for any attorneys' fees incurred by Defendants solely resulting from any such claims. Plaintiff acknowledges Defendants have not made any representation with respect to the taxability of the payments made under this Agreement and that hehas received or will obtain advice to the extent hedeems it necessary from qualified advisors in respect thereto.

4. **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this Agreement does not claim to be an expert in tax matters. Each party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

5. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and Florida Statutes Chapter 448 and expressly deny any and all such liability.

6. **Mutual Non Disparaging Remarks**. The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

7. **No Re-Hire/No Reinstatement.** Plaintiff acknowledges that his employment relationship with Defendant ABC Hollywood Lumber & Hardware Corporation has been permanently and irrevocably terminated, and he agrees to never apply for employment and/or seek independent contractor work with Defendant ABC Hollywood Lumber & Hardware Corporation, nor any of its parent entities, divisions, predecessor entities, related entities, successors, and/or subsidiaries. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory. In consideration for the payments made by Defendants under this Agreement, and in light of the irreconcilable differences between the Parties, Plaintiff acknowledges and agrees that he is not entitled to, and will not accept, reemployment or reinstatement of employment with Defendant ABC Hollywood Lumber & Hardware Corporation.

8. **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the Parties agree that Defendants shall only provide dates of employment and/or positions held.

9. **Confidentiality.** By receipt of the Settlement Funds set forth above, the Parties expressly agree that the terms of this Agreement(including, but not limited to, the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past,

3 of 5

 Eddy Pereira

\_\_\_ Hollywood Lumber & Hardware Corporation
\_\_\_ Jose Monteverde₂₆₀₉₂₆₆₅ᵥ₁

present or future employees of Defendants or any other persons, with the exception of: (1) this Agreement may be used as evidence in any action relating to a breach of this Agreement; (2) for enforcement of this Agreement; (3) the Parties' respective counsel; (4) the Parties' respective accountants; (5) for reporting to taxing authorities; (6) the Parties' lawful spouses; (7) or when otherwise required by law.

The Parties further agree that this confidentiality provision is a material inducement for the execution of this Agreement. Any proven disclosures or dissemination other than as described above will be deemed a breach of this Agreement and a cause of action shall immediately accrue for damages, including reasonable attorneys' fees incurred by the Parties in recovering such monies and in enforcing this Agreement, with the Parties maintaining all rights, remedies and/or causes of action otherwise available at law or in equity, including the right of Defendants to reclaim in full all settlement proceeds paid to Plaintiff under this Agreement.

Plaintiff acknowledges that with the exception of the persons or situations hereinabove described, he has not previously disclosed any of the terms of this Agreement.

Notwithstanding the above provision, this Agreement shall be attached as an Exhibit to the Motion for Approval of the Parties' Agreement and Dismissal with Prejudice and shall be filed with the Court for approval in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).

**10.     Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

**11.     Dismissal of Lawsuit.** No later than April 18, 2016, the Parties shall file with the Court a Joint Motion for Approval of the Parties' Settlement Agreement and Stipulated Dismissal With Prejudice pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this Agreement, along with a proposed Order.

**12.     Agreement Not to Be Used as Evidence.** Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement, may be deemed to be, or may be used as, an admission of, or evidence of the validity, of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

**13.     Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and

4 of 5

*EP* Eddy Pereira                    ____ Hollywood Lumber & Hardware Corporation
                                     ____ Jose Monteverde 26092665v1

provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

14. **Entire Agreement.** This Agreement constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these Parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

15. **Enforcement.** In the event any action is commenced to enforce this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

16. **Voluntariness.** Plaintiff certifies that he has fully read, negotiated, and completely understands the provisions of this Agreement, that he has been advised by Defendants to consult with an attorney before signing the Agreement, and that he is signing freely and voluntarily, and without duress, coercion, or undue influence.

17. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

18. **Construction.** The Parties have jointly participated in the negotiation of this Agreement. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

| EDDY PEREIRA | JOSE MONTEVERDE |
|---|---|
| By: _____ <br> EDDY PEREIRA | By: _____ <br> JOSE MONTEVERDE |
| Date: __04/15/16__ | Date: _____ |
| | ABC HOLLYWOOD LUMBER & HARDWARE CORPORATION |
| | By: _____ <br> Name: _____ <br> Title: _____ <br> Date: _____ |